JOSHUA A. SLIKER, ESQ
Nevada Bar No. 12493
AMANDA PATANAPHAN, ESQ.
Nevada Bar No. 15080
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
E-Mail: joshua.sliker@jacksonlewis.com
E-Mail: amanda.patanaphan@jacksonlewis.com

*Attorneys for Defendant*
*Flowers Baking Co. of Henderson, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON BLOCTON,<br><br>Plaintiff,<br><br>vs.<br><br>FLOWERS BAKING CO. OF HENDERSON, LLC; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-2304-APG-MDC<br><br>**DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT**<br><br>**(THIRD REQUEST)** |

Defendant Flowers Baking Co. of Henderson, LLC ("Defendant"), by and through its attorneys, Jackson Lewis P.C., hereby submits the instant Motion for Extension of Time to File Motion for Summary Judgment (the "Motion"), which is currently due on May 11, 2026 (pursuant to a pending motion, ECF No. 26). Defendant seeks an extension of four additional days up to and including **Friday, May 15, 2026**. The Parties have previously entered into two stipulations to extend discovery deadlines, and one stipulation to extend the dispositive motion deadline to April 30, 2026. This is Defendant's Third Motion for Extension to file this Motion. This Motion is based on the following Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and any oral argument that the Court deems proper.

JACKSON LEWIS P.C.
LAS VEGAS

**MEMORANDUM OF POINTS AND AUTHORITIES**

The original deadline for dispositive motions was set by the stipulated discovery plan and scheduling order (ECF No. 14) which set the dispositive motion deadline for August 20, 2025. Subsequently, the parties entered into a stipulation to extend the deadlines (ECF No. 17) in order to conduct additional discovery and resolve discovery disputes, and the updated dispositive motion deadline was December 18, 2025. The parties then stipulated to extend discovery deadlines a second time (ECF No. 22) in which it was represented that significant additional discovery remained to be completed, and the updated dispositive motion deadline was March 18, 2026.

On February 25, 2026, the parties entered a first stipulation to extend the dispositive motion and pre-trial order deadline (ECF No. 23) in order to participate in private mediation. In doing so, the goal was to avoid the time and expense of preparing dispositive motions before mediation was completed so that the parties could appropriately focus their efforts and resources on reaching a resolution. The dispositive motion deadline was extended to April 30, 2026.

On March 30, 2026, the parties engaged in mediation with Hon. David Wall (Ret.) at JAMS. The parties did not reach a resolution during mediation. However, Judge Wall issued a mediator's proposal at the parties' request for consideration. Due to the nature of the proposal, Defendant had numerous decisionmakers who needed to weigh in on whether to accept or reject the mediator's proposal. It took several weeks for Defendant to obtain the necessary input, and Defendant conveyed its response to Judge Wall on April 22, 2026. On April 23, 2026, Judge Wall notified the parties that the mediator's proposal was not accepted by all parties.

From April 17 through April 26, 2026, Defendant's undersigned counsel, Josh Sliker, was out of the country. Immediately upon returning on April 26th, Defendant's counsel had to handle an urgent matter involving the theft of trade secrets that required counsel to investigate the issues and prepare numerous documents and briefs for filing that week seeking emergency relief. Indeed, counsel was working 16 to 18 hours a day over those last several days to complete the work.

On April 27, 2026, Defendant conveyed a settlement proposal to Plaintiff and proposed extending the dispositive motion deadline by 21 days to allow consideration of the same. However, Plaintiff declined to agree.

On April 30, 2026, Defendant submitted a Motion for Extension of Time to File Motion for Summary Judgment (First Request) seeking a one-week extension of time to file its Motion for Summary Judgment to May 7, 2026. Defendant then filed a second Motion for Extension of Time on May 7, 2026 for four days (two judicial days) to file the Motion for Summary Judgment, to May 11, 2026, due to a sudden onset of illness to Defendant's counsel. Defendant now respectfully submits this third motion, as Defendant's counsel is still recovering and needs to catch up with his work duties.

Defendant now moves for a four-day extension of time to file its Motion for Summary Judgment to **Friday**, **May 15, 2026** to allow for Defendant's counsel's recovery from illness.

FRCP 6(b)(1) provides that when an act must be done within a specified time, the Court "may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ." "Good cause" is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."). Indeed, the "good cause" standard "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).

Here, good cause exists to extend the deadline for Defendant to file its Motion for Summary Judgment. In addition to the reasons provided in the prior motions for extension, Defendant's associate attorney, Amanda Patanaphan, files this motion on behalf of her lead counsel, Josh Sliker, who is still recovering from his illness.

Based on the foregoing, Defendant submits that its request for an extension up to and including **May 15, 2026** is reasonable and that good cause exists for granting the same. *See Lomax v. Hutchings*, No. 2:23-cv-01284-CDS-EJY, 2025 U.S. Dist. LEXIS 111282, at *1 (D. Nev. June 6, 2025) (granting defendants' motion to extend deadline to file their motion for summary judgment where defendants' counsel had obligations in other matters that prevented him from meeting the

dispositive motion deadline); *Michaud v. Baker*, No. 3:17-cv-00718-MMD-CBC, 2019 U.S. Dist. LEXIS 53069, at *2 (D. Nev. Mar. 19, 2019) (citing *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962) (explaining that the "practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline). Defendant makes such request in good faith and not for the purpose of delay. Defendant also brings the instant motion before the deadline to respond has expired and thus within the requirements of FRCP 6(b)(1). *See Ahanchian*, 624 F.3d at 1259 (requests for extensions of time made before the applicable deadline has passed should generally be granted in the absence of bad faith or prejudice to adverse party).

## CONCLUSION

For each and all of the reasons stated above, Defendant respectfully requests the Court grant Defendant Flowers Baking Co. of Henderson, LLC's Motion for Extension of Time to file its Motion for Summary Judgment.

Dated this 11th day of May, 2026.

JACKSON LEWIS P.C.

IT IS SO ORDERED. The Third Motion to Extend Time (ECF No. 27) is GRANTED nunc pro tunc. The previously filed Motions to Extend Time (ECF Nos. 25 and 26 are denied as moot.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated:6-9-26

*/s/ Amanda Patanaphan*
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
AMANDA PATANAPHAN, ESQ.
Nevada Bar No. 15080
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Flowers Baking Co. of Henderson, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 11th day of May, 2026, I caused a true and correct copy of the above **DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S MOTION FOR EXTENSION OF TIME TO FILE SUMMARY JUDGMENT (THIRD REQUEST)** to be served via the Court's electronic filing and service system to the following:

Alan A. Greenberg, Esq.
Jermma E, Dunn, Esq.
Philip A. Horlacher, Esq.
Michael A. Burnette, Esq.
GREENBERG GROSS LLP
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada  89135

*Attorneys for Plaintiff*
*Brandon Blocton*

/s/ Amanda Patanaphan
Employee of Jackson Lewis P.C.